IN THE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

James L Glover,

6532 N Woodstock st
Philadelphia , PA 19138
Plaintiff,

v

Philadelphia police officer; LT. Barry Jacobs #97 ,
Douglas K Morrison Jr #7099, Russell Crotts ,
Shea Skinner, Feige M Grundman ,
unknown city employees or PDD officers involved,

400 N Broad st Philadelphia,Pa 19130 fl 4th and 1515 Arch st Philadelphia,Pa 19102 fl17th
Police Department Open Records department & Philadelphia City attorneys

## Civil Lawsuit Complaint
**Prior Restraint Claim , First amendment , Deprivation of rights claim under 42 U.S.C. § 1983. , Fifth amendment , Fourteenth amendment , RTK (Right-to-Know) Law, ACT 22, Damages**

### Jurisdiction:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as it involves federal constitutional claims.

2. This action arises under 42 U.S.C. § 1983, providing a cause of action for the deprivation of rights secured by the United States Constitution.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) since the events leading to the claims occurred within this district.

**Re**: **Civil Complaint** - Prior Restraint Claim , Violation of first amendment right , Deprivation of rights claim under 42 U.S.C. § 1983. , fifth amendment , fourteenth amendment , RTK (Right-to-Know) Law, ACT 22 Violations, Damages

James Glover

v.

Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officers involved

### Introduction:

Mr. Glover , residing in Philadelphia, PA 19138, is the Plaintiff in this civil action.

The Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officers involved are the defendants in this civil action

400 N Broad st Philadelphia,Pa 19130 fl 4th and 1515 Arch st Philadelphia,Pa 19102 Fl17th
Police Department Open Records department and City attorneys


### Background :

Mr. Glover , is a dedicated community activist and staunch advocate for Second Amendment rights. He actively engages in activities such as filming police stops and encounters, seeking public records under the PA RTK Law, and requesting audio and video body camera footage of police interactions, known as Act 22.

As a passionate Second Amendment advocate, Mr. Glover not only educates the public on open carry practices and conceal carry but also actively participates in these activities within the boundaries of the law. He also emphasizes citizens' rights to

purchase and wear body armor, regardless of their stance on firearms. Additionally, Mr. Glover provides valuable education on de-escalation techniques, gun safety, and medical training.

Mr. Glover's journey in this advocacy began in 2016, but his involvement intensified following the tragic murder of George Floyd. His use of the PA open records law is motivated by the desire to gain insights into law enforcement operations and practices, ultimately aiming to reduce instances of police misconduct and other potential violations revealed through the requested records.

Unfortunately, the Philadelphia Police Department's open records department, along with the city attorneys representing them, has consistently obstructed and denied the majority of Mr. Glover's requests, citing unlawful justifications. These actions have prompted the initiation of this federal legal action.

Tragically, the police open records department is employing illegal maneuvers to obstruct the release of public information, which directly violates Mr. Glover's First Amendment rights and constitutes a clear deprivation of his rights. The Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officers involved have sought to exploit exemptions and have provided sworn affidavits to execute these unlawful infringements upon the First Amendment.

Furthermore, these actions have not only violated Mr. Glover's rights under the Fifth and Fourteenth Amendments but have also resulted in his wrongful identification as a suspect. This erroneous identification involves a suspect allegedly pointing a rifle at a security guard at the police headquarters, resulting in Mr. Glover's arrest and subsequent charges.

Mr. Glover endured an unjust incarceration period lasting 36 days before regaining his freedom through the support of close friends and family. Ultimately, the criminal charges against him were nolle prossed after nearly two years, and he filed a pro se request for record expungement on the same day as the nolle pros hearing. Three months later, his records were successfully expunged.

During the period when charges were pending, Mr. Glover refrained from submitting records requests, because the chilling effect of these actions had on his rights. However, upon resuming his requests, the PPD open records department, together with city attorneys, resumed their unlawful practices, exacerbating the challenges he faced in

exercising his rights. Additionally, Mr. Glover hasn't posted to his YouTube channel for two years due to these unlawful practices and the chilling effect on his rights. The police department used videos of lawful activities in support of a sworn affidavit to obtain a search and arrest warrant for Mr. Glover, which ultimately led to his 36-day incarceration stated above previously.

**Claims:**

Prior Restraint Claim , Violation of first amendment right , Deprivation of rights claim under 42 U.S.C. § 1983. , fifth amendment , fourteenth amendment

Denial of ACT 22 request and RTK request using false or misleading statements or information.

Placing Mr. Glover 's photo in an attempt to intimidate and prevent the filing of RTK and ACT 22 requests.

Requesting a 30-day extension as step one in the process of delay, deny, and lie.

RTK Law and ACT 22 Violations:

The City and police officers made false statements on sworn affidavits to obstruct Mr. Glover 's access to public records, including records requested under RTK Law and ACT 22.

Mr. Glover possesses concrete evidence that substantiates the false statements made by the Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officers involved.

The actions of the Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officers involved constituted violations of Mr. Glover 's rights under RTK Law and ACT 22 and the first amendment.

Sometime after 12,14,21, The Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officer involved s likely and a PPD officer at the direction of the

Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officer involved CHANGES TO DEFF placed a picture of Mr. Glover in Police Headquarters 400 N broad st Philadelphia , Pa 19102, which resulted in a false arrest and 36-day imprisonment.

Mr. Glover asserts that this action is protected under the First Amendment and the Fourteenth Amendment of the United States Constitution.

Mr. Glover 's First Amendment rights were unlawfully chilled due to the criminal case and the actions of the open records officers, as described herein.

30-Day Extension Requests:

The defendants repeatedly requested 30-day extensions for Mr. Glover 's record requests, resulting in delays and the denial of access to information.

These extension requests were used to impede and obstruct Mr. Glover 's right to access public records.

**Fourth Amendment Claim (Not the Focus of This Complaint)**:

Mr. Glover 's false arrest and subsequent imprisonment constituted violations of the Fourth Amendment, as there was no probable cause for the arrest nor did the person in the video evidence look like the plaintiff James Glover .

While the Fourth Amendment claim is not the focus of this complaint, Mr. Glover asserts that it represents real harm resulting from the prior restraint.

**Damages:**

Mr. Glover seeks damages in the amount of $300,000k + plus depending on discovery findings, including but not limited to:

Emotional distress and mental anguish

Legal fees and costs

Other relevant damages incurred as a direct result of the Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officers involved actions

**Additional Request for Damages: Missing Videos and Records**

Mr. Glover , seeks damages in the amount of $100,000 for each missing item, including videos and records, as just compensation for the harm caused by the defendants mishandling, destruction, or mislogging of critical evidence, which was in their custody. These damages are warranted for the following reasons:

**Missing Videos**: Mr. Glover contends that crucial videos, relevant to the case, were within the defendants custody. A judge warned the defendants of potential Fourth Amendment implications based on the incident regarding the videos. Despite this warning, if the videos remain missing or are missing that infringes upon Mr. Glover 's constitutional right the first amendment and violation of federal rules of civil procedure in which evidence to be preserved for 2 years.

**Missing Records**: Mr. Glover also asserts that essential records, including digital and paper records, were either destroyed, intentionally mislogged, or falsely claimed not to exist by the defendants. These records are pivotal to the case and should have been preserved and produced in good faith.

**The requested damages of $100,000 for each missing item serve several purposes:**

**Just Compensation:** The requested amount represents just compensation for the harm suffered by Mr. Glover due to the unavailability of critical evidence for each missing item.

**Deterrence:** By seeking significant damages for each missing item, Mr. Glover aims to deter the defendants and others from future misconduct, encouraging accountability and responsible custodianship of evidence.

**Preservation of Rights**: These damages help safeguard Mr. Glover 's rights, including their Fourth Amendment rights and first amendment rights , by ensuring that evidence vital to their case is properly preserved and produced.

Additionally, it is important to note that the missing videos and records were intended to be used in an activist capacity, and their absence has delayed or prevented multiple

positive changes. These records could have already contributed to meaningful improvements and initiatives that are now on hold or impossible to complete due to their unavailability.

This request for damages reflects not only the direct harm suffered but also the broader impact on Mr. Glover 's activist activities and the positive changes that could have been realized with the timely and proper preservation or release of these records.

**Evidentiary Requests:**

Mr. Glover demands the production of all evidence related to the claims, including documents, correspondence, and records pertaining to the denials described herein.

Mr. Glover also requests that all documents from previous RTK Law and ACT 22 requests be preserved and provided for discovery purposes.

**Conclusion:**

In conclusion, Mr. Glover , James Glover, asserts that their constitutional rights have been violated, and he seeks redress for the harm suffered as a result of the actions of the Philadelphia police officer; LT. Barry Jacobs #97 , Douglas K Morrison Jr #7099, Russell Crotts , Shea Skinner, Feige M Grundman , unknown city employees or PDD officers involved.

Mr. Glover respectfully requests that the court consider the merits of their claims and provide the appropriate remedies.

Please note that while the Fourth Amendment claim is mentioned, it is not the focus of this complaint, and the city will have the opportunity to negotiate and settle the claim before any further legal action is taken. Offers of less than $500k may be rejected.

In accordance with Federal Rule of Civil Procedure 38, Plaintiff reserves the right to demand a trial by jury on all issues so triable, but may, at Plaintiff's discretion, opt for a bench trial.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. I understand that a false statement herein may be punishable by fine or imprisonment or both (18 U.S.C. § 1001)

Sincerely,

*James Glover* (signature)

James Glover
6532 N Woodstock st
Philadelphia, Pa 19138

Supporting documents or evidence attached will be added

**Certificate of Service**

James Glover,
I hereby certify that a copy of the foregoing document was mailed on or before this 9/23/23 to: "The following listed attorneys below sign where applicable"
Name: _____
Address: _____
Attorney for Respondent(s)

_____
Signature

Diana Cortes, City Solicitor Philadelphia
(215) 683-5003
diana.cortes@phila.gov

1515 Arch St.
17th Floor
Philadelphia, PA 19102

_____
Signature

Jacqueline C. Romero
(215) 861-8200
usapae.USAttorney@usdoj.gov
615 Chestnut St # 1250, Philadelphia, PA 19106

_____
Signature