

**CITY OF PHILADELPHIA**

LAW DEPARTMENT
ONE PARKWAY BUILDING
1515 ARCH STREET
PHILADELPHIA, PA 19102

**Diana P. Cortes**
City Solicitor

Russell T. Crotts
Deputy City Solicitor
(215) 683-5403
(215) 683-5069 (fax)
russell.crotts@phila.gov



January 5, 2021

<u>**VIA EMAIL ONLY**</u>

Bina Singh, Esq.
Commonwealth of Pennsylvania
Office of Open Records
333 Market Street, 16th Floor
Harrisburg, PA 17101-2234
binsingh@pa.gov

    Re:    Petition for Reconsideration of <u>*Shakur Capital, LLC v. City of Philadelphia Police Department*</u>, AP 2021-2244

Dear Appeals Officer Singh:

Please allow this letter to serve as the City of Philadelphia ("City") Police Department's ("PPD") petition for reconsideration of the Pennsylvania Office of Open Records' ("OOR") final determination in the matter of *Shakur Capital v. City of Phila. Police Dep't*, OOR Dkt. AP 2021-2244, dated December 21, 2021, which granted in part, denied in part, and dismissed as moot in part Appellant's underlying request. Appellant's underlying request sought:

    **Item 1**: "Requesting documents on the Open Records office staffing numbers"
        **Item 1(a)**: "employee first and last names"
        **Item 1(b)**: "work flow and produces."
    **Item 2**: "Requesting documents on staffing shortage"
        **Item 2(a)**: "and information to how many more employees are need to fix the shortage."
    **Item 3**: "Requesting information on why receipt confirmation response are delayed and not on time"
        **Item 3(a)**: "and information on what will be done to fix the issue."

Ltr. from Shakur Capital, *Right-to-Know Req.* (the "Request"), 1 (August 17, 2021).

In its final determination, the OOR granted Appellant's request to the extent it seeks Item 1 and Item 1(a). The instant petition for reconsideration solely seeks reconsideration of the OOR's determination relative to Item 1 and Item 1(a) of Appellant's appeal. For the reasons listed below,

PPD respectfully requests that the OOR reconsider its final determination in this matter related to Item 1 and Item 1(a) of Appellant's Request.

**Releasing the Names of Individual PPD Officers in PPD's RTK Unit Would be a Grave Personal Security and Public Safety Concern As Appellant Has Allegedly Pointed a Long Rifle at the Head of the Security Guard at the Front Desk of the Building Where the PPD RTK Unit is Located**

Releasing names of individual PPD officers in PPD's RTK Unit would be a grave personal security and public safety concern as Appellant has allegedly pointed a long rifle at the head of the security guard at the front desk of the building where the PPD RTK Unit is located. Section 708(b)(1)(ii) of the RTKL exempts records from disclosure if such disclosure "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). To establish this exemption, "an agency must show: (1) a reasonable likelihood of (2) substantial and demonstrable risk to an individual's security if the information sought is not protected." *Carey I*, 61 A.3d at 373. "Substantial and demonstrable risk" is defined as "actual or real and apparent" risk. *Id.* "More than mere conjecture is needed." *Id.* (quoting *Governor's Off. of Admin. v. Purcell*, 35 A.3d 811, 820 (Pa. Commw. 2011)). Importantly, the Commonwealth Court and the OOR have previously held that if the disclosure of the requested records to the requester is reasonably likely to result in harassment, this alone suffices for the personal security exemption. *Sheils v. Pa. Dep't of Educ.*, 2015 WL 5436770, *7 (Pa. Commw. Apr. 10, 2015) ("The evidentiary record before the OOR and this Court establishes that [. . .] Sheils made 'unfounded and personal verbal attacks' on the District employees involved in the litigation; [. . .] Sheils now seeks the home addresses of those same District employees; and [. . .] there is a concern that, if released, Sheils will use that information to continue his abusive behavior towards the District employees. We agree, therefore, that the Department has established it is more likely than not that giving the District's employees' home addresses to Sheils would result in a substantial and demonstrable risk to the employees' personal security."); *Gross v. Pa. Dep't of Health*, O.O.R. Dkt. AP 2013-1595, 3–4 (Oct. 2, 2013) (holding that the personal security exemption applies to the identities of medical staff at Planned Parenthood clinics from requests from pro-life protesters who "attempt to identify staff members so that their names may be published, and that protestors frequently harass and threaten these staff members."); *see also* 65 P.S. § 67.708(b)(6)(i)(C) (exempting from disclosure the "home address of a law enforcement officer or judge").

The public safety exemption of the RTKL provides a common-sense safety valve that relieves an agency of its obligation to release records if doing so would threaten its public safety activities. Section 708(b)(2) of the RTKL exempts from disclosure a "record maintained by an agency in connection with [. . .] law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or public protection activity[.]" 65 P.S. § 67.708(b)(2). "To establish this exception, an agency must show: (1) the record at issue relates to a law enforcement or public safety activity; and, (2) disclosure of the record would be 'reasonably likely' to threaten public safety or a public protection activity." *Carey v. Dep't of Corr. (Carey I)*, 61 A.3d 367, 374–75 (Pa. Commw. 2013) (citing *Adams v. Pa. State Police*, 51 A.3d 322 (Pa. Commw. 2012)). In the instant case, the physical safety and the lives of PPD officers are at stake.

Lt. Barry Jacobs, PPD's Open Records Officer, attests, "[o]n multiple occasions since the summer of 2021, including during the pendency of the above-listed appeal, Mr. James L. Glover has attempted to gain entry to multiple PPD offices and locations while armed with a long rifle." Aff. of Lt. Barry Jacobs, Open Records Officer, Philadelphia Police Department ("Jacobs Aff.") ¶ 3 (Jan. 5,

2022), Exhibit A.  Lt. Jacobs continues, "[o]n December 26, 2021, Mr. James L. Glover allegedly pointed a long rifle at the head of a security guard working at the front desk of PPD's headquarters, the Philadelphia Public Services Building, located at 400 North Broad Street in Philadelphia."  Jacobs Aff. ¶ 4.  Lt. Jacobs further attests, "PPD's entire Right to Know Law Unit is located at PPD headquarters in the Philadelphia Public Services Building."  Id. ¶ 5.  Lt. Jacobs continues, "[o]n December 28, 2021, Mr. James L. Glover was arrested by PPD pursuant to charges of aggravated assault – attempts to cause serious bodily injury or causes injury with extreme indifference, simple assault, terroristic threats with intent to terrorize another, possession of an instrument of crime, violation of the uniform firearms act on streets, and recklessly endangering another person."  Id. ¶ 6.  Lt. Jacobs continues, "[a]s Mr. James L. Glover allegedly threatened the life of a security guard at the front desk of the building where PPD's RTK Unit is located, by pointing a long rifle in her face, it is reasonably likely that providing Mr. James L. Glover with the names of the individual PPD officers in PPD's RTK Unit would threaten the lives of these individual PPD officers."  Id. ¶ 7.  Lt. Jacobs continues, "Mr. James L. Glover, on multiple occasions, has disagreed with the determinations made by the individual officers in PPD's RTK Unit."  Id. ¶ 7(a).  Lt. Jacobs further attests, "[i]t is reasonably likely that Mr. James L. Glover was attempting to gain entry to PPD's headquarters, where PPD's RTK Unit is located, to confront and/or threaten individual officers in PPD's RTK Unit with a long rifle."  Id. ¶ 7(b).  Lt. Jacobs further attests, "[i]t would be a grave public safety threat if individual PPD officers from PPD's RTK Unit were targeted and killed as these assassinated officers would no longer be able to protect the public."  Id. ¶ 8.  Finally, Lt. Jacobs attests, "it would be a grave public safety threat as well as a grave threat to the personal security of individual PPD officers in PPD's RTK Unit to reveal the identities of individual PPD officers in PPD's RTK Unit."  Id. ¶ 9.

The life-threatening danger posed to the individual officers in PPD's RTK Unit by Mr. James L. Glover is no longer theoretical.  Mr. James L. Glover has been charged and arrested for allegedly pointing a long rifle at the head of the security guard at the front desk of the building where PPD's RTK Unit is housed.  Providing the names of these officers to Appellant would clearly threaten the lives of these individual officers as it would make it easier for Appellant to target, threaten, and potentially kill these officers.  Due to the extreme and serious threat posed to the individual officers in PPD's RTK Unit by Appellant, PPD respectfully requests that the OOR reconsiders its final determination to the extent it grants Appellant the names of the individual PPD officers in PPD's RTK Unit.

Respectfully Submitted,

*/s/ Russell T. Crotts*

Russell T. Crotts
Deputy City Solicitor

cc:  Lt. Barry Jacobs, ORO, PPD
     Shakur Capital, LLC

# Exhibit A

**Petition for Reconsideration of *Shakur Capital, LLC v. Philadelphia Police Department*, AP 2021-2244**

**Affidavit of Lt. Barry Jacobs, Open Records Officer, Philadelphia Police Department**

I, Lieutenant Barry Jacobs, am the Open Records Officer for the City of Philadelphia Police Department ("PPD") and I am authorized to execute this affidavit. I state the following to the best of my knowledge, information and belief under penalty of perjury pursuant to 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities:

1. I attest that I have worked 23 years for PPD, during which time I spent 15 years as an officer in the 9th, 16th, 24th, and 92nd Districts, 4 years as a sergeant in the 22nd District and the Research and Planning Unit, and 4 years as a lieutenant in the Research and Planning Unit. In total, I spent 17 years of this time on patrol in various capacities and assignments, performing both foot and vehicle patrols of the City's streets.

    a. I offer the below testimony with a reasonable degree of professional certainty based on my more than two decades of experience in law enforcement with PPD and my specialized knowledge of PPD's services, procedures, and management of crime prevention and reduction.

2. As the Open Records Officer for PPD, I am familiar with the request at issue in the above-captioned appeal (the "Request"), submitted by Shakur Capital, LLC ("Appellant"), seeking the following:

    a. **Item 1**: "Requesting documents on the Open Records office staffing numbers"
       **Item 1(a)**: "employee first and last names"
       **Item 1(b)**: "work flow and produces."
    **Item 2**: "Requesting documents on staffing shortage"
       **Item 2(a)**: "and information to how many more employees are need to fix the shortage."
    **Item 3**: "Requesting information on why receipt confirmation response are delayed and not on time"
       **Item 3(a)**: "and information on what will be done to fix the issue."

3. On multiple occasions since the summer of 2021, including during the pendency of the above-listed appeal, Mr. James L. Glover has attempted to gain entry to multiple PPD offices and locations while armed with a long rifle.

4. On December 26, 2021, Mr. James L. Glover allegedly pointed a long rifle at the head of a security guard working at the front desk of PPD's headquarters, the Philadelphia Public Services Building, located at 400 North Broad Street in Philadelphia.

5. PPD's entire Right to Know Law Unit is located at PPD headquarters in the Philadelphia Public Services Building.

6. On December 28, 2021, Mr. James L. Glover was arrested by PPD pursuant to charges of aggravated assault – attempts to cause serious bodily injury or causes injury with extreme indifference, simple assault, terroristic threats with intent to terrorize another, possession of an instrument of crime, violation of the uniform firearms act on streets, and recklessly endangering another person.

7. As Mr. James L. Glover allegedly threatened the life of a security guard at the front desk of the building where PPD's RTK Unit is located, by pointing a long rifle in her face, it is reasonably likely that providing Mr. James L. Glover with the names of the individual PPD officers in PPD's RTK Unit would threaten the lives of these individual PPD officers.

   a. Mr. James L. Glover, on multiple occasions, has disagreed with the determinations made by the individual PPD officers in PPD's RTK Unit.

   b. It is reasonably likely that Mr. James L. Glover was attempting to gain entry to PPD's headquarters, where PPD's RTK Unit is located, to confront and/or threaten individual officers in PPD's RTK Unit with a long rifle.

8. It would be a public safety threat if individual PPD officers from PPD's RTK Unit were targeted and killed as these assassinated officers would no longer be able to protect the public.

9. Therefore, it would be a grave public safety threat as well as a grave safety threat to the personal security of individual PPD officers in PPD's RTK Unit to reveal the identities of individual PPD officers in PPD's RTK Unit.

10. Attached to this submission is a copy of the docket sheet for Mr. James L. Glover.

11. There are no individuals that work in PPD's RTK Unit that are not PPD officers.

    a. PPD's RTK Unit has no assistants or paralegals that are not PPD officers.

By *[signature]* Lt Barry Jacobs #97 on 1-5-22
Lieutenant Barry Jacobs
Open Records Officer
Philadelphia Police Department
400 N. Broad Street
Philadelphia, PA 19130

# Exhibit B

# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET



**Docket Number:** MC-51-CR-0023178-2021

## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
James Glover

Page 1 of 3

### CASE INFORMATION

| | |
|---|---|
| Judge Assigned: | Date Filed: 12/28/2021     Initiation Date: 12/28/2021 |
| OTN: U 244749-1     LOTN: | Originating Docket No: MC-51-CR-0023178-2021 |
| Initial Issuing Authority: | Final Issuing Authority: |
| Arresting Agency: Philadelphia Pd | Arresting Officer: Wallace, Frank T. |
| Complaint/Citation No.: 2109043321-0023178 | Incident Number: 2109043321 |

**Case Local Number Type(s)** | **Case Local Number(s)**
Originating Docket Number | MC-51-CR-0023178-2021
District Control Number | 2109043321
Originating Document Number | 2109043321-0023178

### STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Arrest Date: | 12/28/2021 |
|---|---|---|---|---|---|
| | | 12/28/2021 | Awaiting Preliminary Hearing | | |
| | | 12/28/2021 | Awaiting Status Hearing | | |

Complaint Date: 12/28/2021

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Arraignment | 12/28/2021 | 7:49 pm | B08 | | Scheduled |
| Early Bail Review Status | 01/04/2022 | 8:30 am | 403 | Judge David H. Conroy | Continued |
| Early Bail Review Status | 01/06/2022 | 8:30 am | 403 | Judge David H. Conroy | Scheduled |
| Preliminary Hearing | 01/12/2022 | 12:00 pm | 503 | Judge Bradley K. Moss | Scheduled |

### CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 12/29/2021 | County Correctional Facility | Detention Center | | Yes |

### DEFENDANT INFORMATION

Date Of Birth: 02/01/1992     City/State/Zip: Philadelphia, PA  19138

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Glover, James |

CPCMS 9082                                                                                                          Printed: 01/05/2022

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET

Docket Number: MC-51-CR-0023178-2021
### CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
James Glover

Page 2 of 3

### BAIL INFORMATION

**Glover, James**                                                                                                            Nebbia Status: None

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 12/28/2021 | Monetary | 10.00% | $50,000.00 | | |

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | | 18 § 2702 | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 12/26/2021 | U 244749-1 |
| 2 | 2 | | 18 § 6108 | Carry Firearms Public In Phila | 12/26/2021 | U 244749-1 |
| 3 | 3 | | 18 § 907 | Poss Instrument Of Crime W/Int | 12/26/2021 | U 244749-1 |
| 4 | 4 | | 18 § 2706 | Terroristic Threats W/ Int To Terrorize Another | 12/26/2021 | U 244749-1 |
| 5 | 5 | | 18 § 2701 | Simple Assault | 12/26/2021 | U 244749-1 |
| 6 | 6 | | 18 § 2705 | Recklessly Endangering Another Person | 12/26/2021 | U 244749-1 |

### DISPOSITION SENTENCING/PENALTIES

Disposition
  Case Event                                                          Disposition Date               Final Disposition
    Sequence/Description                                       Offense Disposition              Grade     Section
      Sentencing Judge                                            Sentence Date                Credit For Time Served
        Sentence/Diversion Program Type              Incarceration/Diversionary Period        Start Date
          Sentence Conditions

**Proceed to Court**

  Preliminary Arraignment                                              12/28/2021                       Not Final
    1 / Aggravated Assault - Attempts to cause SBI or           Proceed to Court                                      18 § 2702
    causes injury with extreme indifference
    2 / Carry Firearms Public In Phila                          Proceed to Court                                      18 § 6108
    3 / Poss Instrument Of Crime W/Int                          Proceed to Court                                      18 § 907
    4 / Terroristic Threats W/ Int To Terrorize Another         Proceed to Court                                      18 § 2706
    5 / Simple Assault                                          Proceed to Court                                      18 § 2701
    6 / Recklessly Endangering Another Person                   Proceed to Court                                      18 § 2705

CPCMS 9082                                                                                                                          Printed: 01/05/2022

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: MC-51-CR-0023178-2021
## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
James Glover

Page 3 of 3

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| Name: Philadelphia County District Attorney's Office<br>Prosecutor | Name: Defender Association of Philadelphia<br>Public Defender |
| Supreme Court No: | Supreme Court No: |
| Phone Number(s):<br>215-686-8000    (Phone) | Rep. Status: Active<br>Phone Number(s): |
| Address:<br>3 South Penn Square<br>Philadelphia, PA  19107 | Address: |

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 12/28/2021 | | Municipal Court - Philadelphia County |
| PARS Transfer | | | |
| 2 | 12/28/2021 | | Connor, Lauren |
| Bail Set - Glover, James | | | |
| 4 | 01/04/2022 | | Conroy, David H. |
| Order Granting Motion for Continuance | | | |

CPCMS 9082                                                                                                                   Printed: 01/05/2022

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.