

CITY OF PHILADELPHIA



LAW DEPARTMENT
ONE PARKWAY BUILDING
1515 ARCH STREET
PHILADELPHIA, PA 19102

**Renee Garcia**
**City Solicitor**

Shea Skinner
Deputy City Solicitor

March 28, 2024

**VIA OOR APPEALS PORTAL SUBMISSION**

Appeals Officer Blake Eilers
Commonwealth of Pennsylvania
Office of Open Records

    Re:    *James Glover a v. City of Philadelphia Law Department and Citizens Police Oversight Commission*, AP 2024-0745

Dear Appeals Officer Eilers:

    I represent the City of Philadelphia ("City") Law Department ("Law Department") and Citizens Police Oversight Commission ("CPOC") in the above-captioned appeal. This letter constitutes the City's response to the appeal of James Glover and Shakur Capital, LLC ("Mr. Glover," or collectively, "Requester"). The City reserves the right to provide further evidence if the instant request is appealed beyond the Pennsylvania Office of Open Records ("OOR"). *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 822-23 (Pa. Cmwlth. 2010), *aff'd* 75 A.3d 453 (Pa. 2013). For the reasons set forth below, Requester's appeal should be dismissed in part and denied in the remainder.

**I.**    **Procedural Background**

    On February 9 and February 14, 2024, the City received two request(s) submitted by Mr. Glover pursuant to Pennsylvania's Right-To-Know Law, 65 P.S. § 67.101 *et seq*. ("RTKL"), seeking:

    [**Request # 26729, dated and received 2/9/2024**]

    [1]    Requesting the salary of all CPOC employees and also the salary of the Commissioners of the CPOC board.

    [2]    Requesting picture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each.

    [3]    Requesting documentation of IT training on how to transfer phone calls and the name of the IT professional who trained them.

[4] Requesting records of CPOC employees staff meetings for this year 2024 and other meetings, CPOC employees are required to attend please provide dates and time for the year 2024.

[5] Provide records of how many IA complaint CPOC received in january and february 2024 and the type of complaint example "police misconduct"

[6] Provide records of how many total complaints has the CPOC received in the year of 2023 and how many have they referred to the PPD IA.

[7] Provide records of what CPOC employee name and title sent the email response attracted to shakurcapital@gmail.com SEE doc cpoc email 1, cpoc email 2.

[8] Provide records of who "name and title" was monitoring the CPOC email on Nov 20, 2023, 11 :02 AM

[**Request # 26744, dated 2/13/2024, received 2/14/2024**]

Requesting memo CPOC or any other city agency located at 1515 arch st phila , pa provided to Scotland yard security telling them James Glover isn't allowed upstairs in the building at 1515 arch st that the CPOC and city law department are located in. Additionally provide the image of James Glover that was also with the memo and or email. Please include memo records and email records; also provide the name of the person responsible for creating the memo / email and who approved it.

On February 16 and 22, 2024 respectively, the City invoked thirty calendar-day extension(s) of time to respond to the request. On March 14, 2024, the City issued a consolidated final response to both requests, partially granting Request # 26729 to the extent responsive public records exist, partially denying the remainder of Mr. Glover's requests to the extent they sought records which are exempt under Sections 708(b)(1)(ii), 708(b)(2), 708(b)(3), 708(b)(4), and 708(b)(12) of the RTKL. The City also partially denied any portions of the request which sought records which do not currently exist or are not currently compiled under Section 705 of the RTKL.

On March 18, 2024, Requester initiated the instant appeal, identifying the following issues on appeal:

> request [number] #: 26729 Requesting picture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each.
>
> Provide records of what CPOC employee name and title sent the email response attracted to shakurcapital@gmail.com SEE doc cpoc email 1, cpoc email 2.
>
> [8] Provide records of who "name and title" was monitoring the CPOC email on Nov 20, 2023, 11 :02 AM
>
> and Request number #: 26744

2

Requester's Appeal Form, at p.2, submitted March 17, 2024.

## II. Argument

### A. Parts of Request # 26729 are Moot and Parts Seek Records which Do Not Exist

Upon receipt of Mr. Glover's requests, the City initiated searches for any potentially responsive records. *See* Exhibit "A", Affidavit of Catherine Twigg, General Counsel, Citizens Police Oversight Commission, dated March 28, 2024, at ¶ 2.

Relevant to the present appeal, as a result of that search, the City identified and provided access to responsive records for Item 1 of Request # 26729, including records identifying all CPOC staff, their positions, and salary. *See* Exhibit "A", at 3.

Thus, Items 7 and 8 of the request, which seek "name and title" of one or more CPOC employees, are moot, because responsive records identifying all CPOC employees by name and title have already been provided to requester.

As a result of the City's search for the requested records, no additional responsive records for Items 7 or 8 were found to exist within the City's possession, control or custody. The email account referenced by Requester is CPOC's general office and intake email account, which is accessed and maintained by various CPOC staff. *See* Exhibit "A" at ¶¶ 6-7. CPOC does not maintain records identifying or tracking specific CPOC staff members by name and title in reference to particular emails that are sent or received by this email account. *See* Id.*,* at ¶ 8. There is no fixed schedule for staff monitoring this email account. *See* Id.

Under the RTKL, statements made under penalty of perjury may serve as sufficient evidentiary support. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). In the absence of any competent evidence that an agency acted in bad faith, "the averments in [an affidavit] should be accepted as true." *McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014) (*citing Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013)); *see also Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011).

It is not a denial of access under the RTKL if the requested records do not exist. *See Jenkins vs. Pa. Dep't of State*, AP 2009-0065, 2009 WL 6503695 (Pa.Off.Open Rec.). Moreover, an agency shall not be required to create or compile records in response to a request. *See* 65 P.S. § 67.705. "The OOR has repeatedly held that where any agency does not maintain a list containing information specified by a requester, the agency is not required to create such a list pursuant to Section 705 of the RTKL." *Hays v. Pa. State Police*, AP 2015-1985, 2015 WL 6539110 (Pa.Off.Open Rec.), at *3 (internal quotation omitted); *see also Miller v. Twp. Of O'Hara*, AP 2012-1435; *Thomas v. City of Philadelphia Dep't of Records*, AP 2022-1728, 2022 WL 6018293 (Pa.Off.Open Rec.); *Imburgia v. Phila. School Dist.*, AP 2018-0635, 2018 WL 3416137 (Pa.Off.Open Rec.) (requested information was "not organized in a manner that would permit [the agency] to answer the Requester's query").

Because the City has already provided all existing responsive records for Items 7 and 8 of Request # 26729, the instant appeal should be dismissed as moot with respect to these parts of Mr. Glover's request.

### B. The Remaining Records at Issue in the Instant Appeal are Exempt under Section 708(b) of the RTKL

The remaining records at issue in Mr. Glovers appeal are:

> [2] [P]icture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each[,]
>
> [and]
>
> [M]emo CPOC or any other city agency located at 1515 arch st phila , pa provided to Scotland yard security telling them James Glover isn't allowed upstairs in the building at 1515 arch st that the CPOC and city law department are located in. Additionally provide the image of James Glover that was also with the memo and or email. Please include memo records and email records; also provide the name of the person responsible for creating the memo / email and who approved it.

*See* Requester's Appeal Form, at p.2.

With respect to Item 2 of Request # 26729, the requested "work schedules for example working in the office or at home showing days and weeks of each" would facially be exempt under Section 708(b)(12) of the RTKL.  *See* 65 P.S. § 67.708(b)(12).

Section 708(b)(12) expressly exempts from disclosure "[n]otes and working papers prepared by or for a public official or agency employee used solely for that official's or employee's own personal use, including telephone message slips, routing slips and other materials that do not have an official purpose." Id.; *City of Phila. v. The Philadelphia Inquirer*, 52 A.3d 456, 461 (Pa. Commw. Ct. 2012) (calendars and other records which "are used for scheduling [agency employee's] daily activities … fall within the 'notes and working papers' exemption."). Because the requested information exists solely for the personal use of CPOC staff and serves no other official agency purpose, the information sought by this part of Item 2 is exempt from disclosure under 65 P.S. § 67.708(b)(12).

However, all of the remaining information sought by Mr. Glover's instant appeal is exempt from public disclosure pursuant to the RTKL's security and public safety exemptions.  *See* 65 P.S. §§ 67.708(b)(1)(ii), (b)(2), (b)(3).

Section 708(b)(1)(ii) of the RTKL exempts any record which, if disclosed, "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual."  65 P.S. § 67.708(b)(1)(ii). Similarly, Section 708(b)(3) exempts any record which, if disclosed, would "create[] a reasonable likelihood of endangering the safety or the physical security of a building, public utility, resource, infrastructure, facility or information storage system[.]"  Id. at § 67.708(b)(3).

4

To establish that the RTKL's security exemptions apply, an agency must demonstrate: (1) a "reasonable likelihood" of (2) "substantial and demonstrable risk" of physical harm to or the personal security of an individual, or to the physical security of a building or facility. *Delaware County v. Schaefer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012).  To show a reasonable likelihood, "[a]n agency must offer more than speculation or conjecture to establish the security-related exceptions under the [RTKL]." *California Borough v. Rothey*, 185 A.3d 456, 468 (Pa. Cmwlth. 2018).

In turn, Section 708(b)(2) exempts any record "maintained by an agency in connection with … [a] public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or public protection activity[.]"  65 P.S. § 67.708(b)(2).

Although requester is already in possession of responsive records identifying all CPOC employees by name, title or position, and salary, Requester additionally seeks "picture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each."  In other words, Requester seeks ID photos and work schedule information which identifies the daily whereabouts or location of specific agency employees, including when specific individuals are in-office or at their home.

Disclosure of detailed information revealing the daily whereabouts of specific individuals and identifying photographs implicates a number of concerns and interests, including personal security concerns, building security concerns, and privacy interests.[1]

Requester also seeks records maintained in connection with the physical security of a large office building, including specific security protocol(s) regarding access. The purpose of the requested records is to ensure building security and public safety by increasing efforts to detect and prevent unauthorized access to the building that houses many City departments and offices, known as One Parkway Building ("OPB"), located at 1515 Arch Street, Philadelphia, PA.  *See* Exhibit "A" at ¶¶ 9-16.

While certain areas of OPB are occasionally held open to the public or interested parties for events such as public meetings or administrative hearings, most locations in OPB are not open to unrestricted public access, and some locations are specifically restricted access only.  *See* Exhibit "A" at ¶¶ 14-15. Implementing security measures to ensure public safety and prevent unauthorized access is simply a necessity of modern reality for large office buildings in densely populated urban areas.

Many locations in OPB, such as agency offices designated as employee workspaces, are not open to access by any member of the public who happens to walk in the building at any given time.  *See* Id., at ¶ 12.  Some locations in OPB, such as intake areas for the Department of Human Services and/or Office of Children, Youth, and Families, are required to be restricted access only. *See* Id.

Outside of any events which are announced as open to the general public, CPOC does not permit unrestricted public access to its office and does not generally admit members of the public without a prior appointment.  *See* Id., at ¶ 16.

---

[1]   Public disclosure of identification photographs depicting individuals' faces would constitute an unwarranted invasion of privacy interests protected by the right to informational privacy recognized by the Pennsylvania constitution.  Pa. Const., Art.1, § 1; *Pa. State Educ. Ass'n v. Com.*, 148 A.3d 142 (Pa. 2016) ("*PSEA*") (individuals possess a right to informational privacy over personal information).

Moreover, the Requester has demonstrated a pattern of disruptive and concerning activity, and has previously attempted to use the RTKL as a vehicle for learning detailed information about the identities of specific agency employees in connection with harassing, unnecessarily confrontational, or disruptive behavior which is targeted at those specific individuals. *See*, *e.g.*, Exhibit "A" at ¶¶ 19-20.

In this respect, the Court of Common Pleas of Philadelphia has previously reversed the OOR and upheld the City's denial of access to records on these grounds, in light of the credible and particular personal security risks alleged with respect to the disclosure of specific agency employee identities, photographs and personal contact information to this Requester. *See In re: Appeal of City of Philadelphia Police Dep't v. Shakur Capital LLC*, Phila. Ct. Common Pleas, No. 220101333, December 15, 2022 (reversing the OOR's determination in AP 2021-2244 and finding that PPD may withhold records revealing "the first and last names of officers in PPD's Right to Know Unit" pursuant to Section 708(b)(1)(ii)).

Public dissemination of photo IDs of specific agency individuals and detailed information about in-office or at-home whereabouts would create obvious risks to the personal security of these individuals. Dissemination of the requested information could very readily enable disruptive or harassing behavior which is directed at particular individuals, conceivably at their home. Public disclosure of ID photos used for identity verification and building access, along with daily whereabouts of individuals, could also create risks to building and personal security, including but not limited to, risks of impersonation, identity fraud, or forgery, by way of example.

Moreover, records which outline building security protocols regarding authorized and unauthorized access are maintained in connection with public safety and public protection activities. The disclosure of records related to building security protocols would be reasonably likely to jeopardize or threaten these public safety activities by reducing the effectiveness security measures intended to detect and prevent unauthorize access. Disclosure of these records would be reasonably likely to frustrate their purpose and diminish their value in ensuring building security by revealing security protocols and procedures and by exposing any potential vulnerabilities or limitations thereof.

In light of the nature of the records requested and the institutional security, personal security, and privacy concerns or interests implicated by the public disclosure of these records, the City submits that the remaining requested records are exempt from disclosure under 65 P.S. §§ 67.708(b)(1)(ii), (b)(2), and (b)(3). *See In re: Appeal of City of Philadelphia Police Dep't*, *supra*; *Bayne*, *supra* (disclosure of record showing name of police officers involved in a specific incident would threaten personal security, where there was evidence that agency officers had experienced "harassing, threatening, and belligerent conduct" directed at them by the requester in relation to that incident); *Sheils v. Pa. Dep't of Educ.*, 2015 WL 5436770, *7 (Pa. Cmwlth., Apr. 10, 2015) (where evidence showed that requester had made "unfounded personal and verbal attacks" on agency employees involved in related litigation, disclosure of agency employee home addresses to requester would be reasonably likely to result in requester using the information "to continue [their] abusive behavior towards [agency] employees"); *Gross v. Pa. Dep't of Health*, AP 2013-1595, 2013 WL 5511788 (Pa.Off.Open Rec.) (Section 708(b)(1)(ii) exempted records showing the names of employees at Planned Parenthood clinics, where evidence suggested protesters would be likely "attempt to identify staff members so that their names may be published," which would also likely result in harassing and threatening behavior towards staff and their family members); *Gaither v. Pa. Dep't of Corrections,* AP 2015-1311, 2015 WL 4979046 (Pa.Off.Open Rec.) (denying appeal seeking correctional procedures manual containing "techniques, surveillance and security measures" which ""must be kept confidential to prevent the circumvention of the polcies[.]");

6

*Mendoza v. City of Phila., Phila. International Airport*, AP 2014-1681, 2014 WL 7003842 (Pa.Off.Open Rec.) (in addition to being protected by federal regulations, airport security measures, such as an airport's "access control system" and "access/egress points and security measures" are exempt from disclosure under Section 708(b)(3)).

### III.     Conclusion

For the foregoing reasons, the City respectfully submits that the instant appeal should be dismissed in part as moot and denied in the remainder on its merits.

Respectfully Submitted,

/s/
**Shea Skinner**  (he/him)
Deputy City Solicitor – Right to Know
Compliance, Investigations & Privacy Group
City of Philadelphia Law Department
One Parkway Building, 17th Floor
1515 Arch Street
Philadelphia, PA 19102

Attachment

Cc:     (VIA OOR APPEALS PORTAL)
        James Glover

        (VIA EMAIL)
        Catherine Twigg

# Exhibit "A"

*James Glover v. City of Philadelphia Law Department/Citizens Police Oversight Commission*:
AP 2024-0745

**Affidavit of Catherine Twigg, General Counsel, Citizens Police Oversight Commission**

My name is Catherine Twigg and, as General Counsel for the Citizens Police Oversight Commission ("CPOC"), I am authorized to execute this affidavit. I state the following to the best of my knowledge, information, and belief under penalty of perjury pursuant to 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities:

1. I am familiar with the Right-to-Know Law request(s) at issue in the instant appeal filed by James Glover ("Mr. Glover" or "Requester") in which Mr. Glover sought:

    [Request # 26729, dated and received 2/9/2024]

    [1]     Requesting the salary of all CPOC employees and also the salary of the Commissioners of the CPOC board.

    [2]     Requesting picture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each.

    [3]     Requesting documentation of IT training on how to transfer phone calls and the name of the IT professional who trained them.

    [4]     Requesting records of CPOC employees staff meetings for this year 2024 and other meetings, CPOC employees are required to attend please provide dates and time for the year 2024.

    [5]     Provide records of how many IA complaint CPOC received in january and february 2024 and the type of complaint example "police misconduct"

    [6]     Provide records of how many total complaints has the CPOC received in the year of 2023 and how many have they referred to the PPD IA.

    [7]     Provide records of what CPOC employee name and title sent the email response attracted to shakurcapital@gmail.com SEE doc cpoc email 1, cpoc email 2.

    [8]     Provide records of who "name and title" was monitoring the CPOC email on Nov 20, 2023, 11 :02 AM

    [Request # 26744, dated 2/13/2024, received 2/14/2024]

    Requesting memo CPOC or any other city agency located at 1515 arch st phila , pa provided to Scotland yard security telling them James Glover isn't allowed upstairs in the building at 1515 arch st that the CPOC and city law department are located in. Additionally provide the image of James Glover that was also with the memo and or email. Please include memo records and email records; also provide the name of the person responsible for creating the memo / email and who approved it.

1

2. Upon becoming aware of Mr. Glover's requests, I searched CPOC's records for any records responsive to Mr. Glover's requests.

3. As a result of that search, responsive public records were identified for several portions of Mr. Glover's requests, which were provided to Mr. Glover with the City's March 14, 2024 final response.

4. By his March 27, 2024 appeal form, Mr. Glover indicates that the following records are at issue in this appeal:

    request [number] #: 26729 Requesting picture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each.

    Provide records of what CPOC employee name and title sent the email response attracted to shakurcapital@gmail.com SEE doc cpoc email 1, cpoc email 2.

    [8] Provide records of who "name and title" was monitoring the CPOC email on Nov 20, 2023, 11:02 AM

    and Request number #: 26744

5. As a result of the City's search for responsive records, no responsive records containing the following information were found to exist:

    Provide records of what CPOC employee name and title sent the email response attracted to shakurcapital@gmail.com SEE doc cpoc email 1, cpoc email 2.

    [8] Provide records of who "name and title" was monitoring the CPOC email on Nov 20, 2023, 11:02 AM

6. By way of further response, CPOC's general office and intake email account, cpoc@phila.gov, is accessed and maintained by various CPOC staff. This email address is used for, among other things, receiving, processing, and responding to complaints of alleged police misconduct. *See* Phila. Home Rule Charter, §§ 3-100(e), 3-813, 4-2501, 21-1205.[1]

7. Communications sent by this email account typically pertain to complaints of alleged misconduct and general questions for the agency. Emails from this account are often sent on behalf of the agency and do not include a particular staff member's name.

8. CPOC does not maintain records identifying specific CPOC staff by name and title in reference to particular emails sent or received by the cpoc@phila.gov account, or records identifying "name and title" of who was "monitoring the CPOC email". There is no set schedule for staff monitoring these email address.

---

[1] https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-264850#JD_HRC-4-2501

2

9. With respect to the part of Mr. Glover's request seeking "picture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each," there is cause to believe that disclosure of the requested records would be reasonably likely to result in substantial and demonstrable risks of physical harm to or the personal security of individuals.

10. Similarly, disclosure of the records requested in Request # 26744 related to building security and access protocol would pose similar personal security risks, as well as risks to the physical security of the building which houses CPOC and the City Law Department, among many other City departments and offices, known as One Parkway Building ("OPB"), located at 1515 Arch Street, Philadelphia, PA.

11. OPB is an 18-floor office building that houses many City offices and departments, including, but not limited to:

    - The City Law Department
    - The Citizens Police Oversight Commission
    - The Department of Parks and Recreation
    - The Department of Human Services
    - The Office of Children, Families, and Youth
    - The Office of Sustainability
    - The Board of Ethics

12. While the lobby reception area and certain other areas in OPB are open to the public, many areas of OPB are not generally open to unrestricted public access, and some areas are restricted access only.

13. To ensure building security and prevent unauthorized access, OPB building management recently implemented additional security measures including metal detectors.

14. Certain additional areas of OPB are occasionally open to the public and interested parties for events such as administrative hearings or public meetings. For instance, attendees may be permitted to enter certain areas of OPB to attend a public meeting, or interested parties may be permitted access to certain floors in order to attend administrative hearings.

15. However, open access to office spaces of City departments, including employee work spaces, is not generally extended to any member of the public who enters the building at any given time.

16. Outside of any events which are announced as open to the general public, CPOC does not generally permit unrestricted public access to its office, and does not generally admit members of the public to CPOC office space without a prior appointment.

17. In carrying out its oversight, monitoring, and investigative functions, CPOC staff may, at times, meet individuals in the lobby reception area (outside the security gate) to either provide complaint forms or accept complaint forms and evidence submitted to CPOC.

18. CPOC does not typically conduct in-person interviews as part of this process and does not generally hold out its office space as open to the public.

3

19. Additionally, prior to the filing of the instant request, I was made aware of at least one recent attempt by the requester to gain access to CPOC's office and/or staff without a prior appointment in a manner which raised building security concerns, whereby it was allegedly represented to the security staff that requester was a courier and had a delivery to drop off for CPOC.

20. In light of the foregoing, and in light of a pattern of disruptive, concerning, and harassing or confrontational behavior directed towards multiple City departments by this requester, the City has reason to believe that the disclosure of the requested records implicated in this appeal would be reasonably likely to result in a substantial likelihood of risk to building security and to the personal security of individuals.

21. Specifically, disclosure of "photo IDs of each CPOC employee" and work schedules indicating when such individuals are in office would be reasonably likely to result in a substantial likelihood of continued disruptive, concerning, or harassing behavior which is targeted or directed at particular individuals on days when they are in office.

22. Moreover, public disclosure of photo IDs used for employee badge identification and building access purposes would also create risks to personal and building security.

Date: March 28, 2024       /s/ Catherine Twigg_____
                           Catherine Twigg, Esq.
                           General Counsel
                           Citizens Police Oversight Commission

4