*Glover and Shakur Capital, LLC v. City of Philadelphia Police Department*: **AP 2023-1724**

### Affidavit of Police Officer Douglas Morrison, Right to Know and Open Records Analyst, Research and Planning Unit, Philadelphia Police Department

**EX2**

My name is Douglas Morrison and, as Right to Know and Open Records Analyst for the Research and Planning Unit of the Philadelphia Police Department ("Department" or "PPD"), I am authorized to execute this affidavit. I state the following to the best of my knowledge, information, and belief under penalty of perjury pursuant to 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities:

1. In my capacity as Right to Know and Open Records Analyst, one of my responsibilities is to assist the Department's Open Records Officer in coordinating the Department's responses to Right-to-Know Law ("RTKL") requests received by or directed to the Department.

2. I am familiar with the Right-to-Know Law request at issue in the instant appeal filed by James Glover and/or Shakur Capital, LLC ("Mr. Glover", or collectively, "Requester"), in which Mr. Glover sought:

    > Axon body camera Audit trail for the following events; event (1) 5/16/23 and event (2) 5/25/23 location for both events 660 E Erie Ave, Philadelphia, PA 19134; the time of event (1) 5/16/23 is at or around 12 noon until about 1pm this footage was recorded by Sgt. with the badge number of 467 in E.C.U his phone number is 215-685-9858 the event was seeking to have proprety returrn per court order. Event (2) Time 8:15 am until about 9:10 am requesting Axon body camera Audit trail for all three officers as well as there names and badge numbers the event is a property return of three items via court order. Please provide the list of officers who have reviewed the footage as well as the footage length and all other detail provided in audit trail.

3. As indicated in the Department's prior response and Affidavit of Lt. Barry Jacobs, Open Records Officer, dated August 15, 2023, Mr. Glover's request was not received by the Department's RTKL email account, Police.RightToKnow@phila.gov. Rather, the request was not deemed received by the Department until July 18, 2023, when it was located in the "spam" or junk mail folder for the Police.RightToKnow@phila.gov email account.

4. Upon becoming aware of Mr. Glover's request, I searched the Department's records, or caused them to be searched, for any potentially responsive records. This search included paper and electronic records of the Department.

5. With respect to the portion of Mr. Glover's request concerning any events occurring on May 25, 2023, following the Department's search for the requested records, no responsive records were found to exist.

1

6. However, the responsive record concerning the event occurring on May 16, 2023 pertains to body-worn camera ("BWC") footage created by a sworn member of the Department inside 660 E. Erie Avenue, Philadelphia, PA 19134. This building houses the Department's Gun Permit Unit and is a law enforcement facility.

7. The responsive record includes information concerning this recording created inside a law enforcement facility, including, among other things, notations of any actions taken by members of the Department with respect to the recording such as the number of times a recording was viewed, who viewed the recording, any changes that were made to the recording and/or any notes, classifications, or other information pertaining to the recording which were created by members of the Department.

8. Because the requested record consists of information concerning a law enforcement recording which was created inside a law enforcement facility and which was communicated among members of the Department, it is not subject to public disclosure pursuant to 42 Pa.C.S. § 67A02.

9. Additionally, disclosure of the requested record would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual.

10. The Department has reason to believe that requester seeks this information solely for the purpose of learning the identities of police officers involved with any of the referenced incidents.

11. The Department has reason to believe that the disclosure of this information to this particular requester would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of one or more individuals.

12. By way of background, on multiple occasions since the summer of 2021, Requester has attempted to gain entry to multiple law enforcement facilities and offices of the Department while armed with a long rifle.

13. On December 26, 2021, Requester allegedly pointed a long rifle at the head of a security guard working at the front desk of PPD's headquarters at the Philadelphia Public Services Building, located at 400 North Broad Street in Philadelphia, PA, which resulted in the filing of criminal charges.

14. On multiple occasions, Requester has expressed strong disagreement with determinations made by individual members of the Department's RTK Unit with respect to RTKL, Act 22, and other matters involving Requester.

15. Because Requester has repeatedly attempted to access PPD facilities while armed with a long rifle, and is alleged to have previously threatened the life of the head of security at PPD's headquarters by pointing a long rifle in her face, the Department reasonably

believes that the disclosure of information identifying the names of any officers connected to this matter would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of such individuals.

16. Based on the foregoing, the Department has reason to believe that disclosure of the requested record identifying the names of officers involved with the matter referenced in the request would be reasonably likely to result in a substantial and demonstrable to those individuals.

17. Specifically, the Department has reason to believe that disclosure of the requested information would be reasonably likely to result in a substantial and demonstrable risk of harassing, confrontational, threatening, retaliatory or other potentially harmful or disruptive conduct by the Requester.

Date: 8-24-23

/s/ P/r. Douglas Morrison
P/O Douglas K. Morrison Jr., M.S.
Right to Know and Open Records Analyst
Research and Planning Unit
Philadelphia Police Department

3