

**CITY OF PHILADELPHIA**

Ex1b

LAW DEPARTMENT
ONE PARKWAY BUILDING
1515 ARCH STREET
PHILADELPHIA, PA 19102

Renee Garcia
City Solicitor

Shea Skinner
Deputy City Solicitor

April 9, 2024

**VIA OOR APPEALS PORTAL SUBMISSION**

Appeals Officer Blake Eilers
Commonwealth of Pennsylvania
Office of Open Records

Re:  *James Glover a v. City of Philadelphia Law Department and Citizens Police Oversight Commission*, **AP 2024-0745**

Dear Appeals Officer Eilers:

In addition to the City's March 28, 2024 submission and April 5, 2024 correspondence, the City offers the following supplemental argument in response to Requester's submissions.

On March 18, 2024, Requester initiated the instant appeal, identifying the following issues on his appeal form:

> request [number] #: 26729 Requesting picture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each.

> Provide records of what CPOC employee name and title sent the email response attracted to shakurcapital@gmail.com SEE doc cpoc email 1, cpoc email 2.

> [8] Provide records of who "name and title" was monitoring the CPOC email on Nov 20, 2023, 11:02 AM

> and Request number #: 26744[1]

Requester's Appeal Form, at p.2, submitted March 17, 2024.

---

[1]  [**Request # 26744, dated 2/13/2024, received 2/14/2024**]

"Requesting memo CPOC or any other city agency located at 1515 arch st phila , pa provided to Scotland yard security telling them James Glover isn't allowed upstairs in the building at 1515 arch st that the CPOC and city law department are located in. Additionally provide the image of James Glover that was also with the memo and or email. Please include memo records and email records; also provide the name of the person responsible for creating the memo / email and who approved it."

The City generally objects to consideration of the many items contained or referenced in Requester's submissions which are not legally relevant or material to the discrete issues raised by Requester in his appeal. Many of Requester's specious assertions appear to be premised on misunderstandings or misrepresentations of the facts or law, conclusory accusations, or outright falsehoods. The undersigned takes particular exception to Requester's unsubstantiated assertions that City employees would, among other things, "attempt to deceive the appeals officer" or otherwise "act[] in bad faith[.]"  *See* Requester's "FIN RTK SUB CPOC" submission, dated April 3, 2024.  The City denies Requester's unwarranted accusations that the City has acted in bad faith.

Turning to the limited substantive issues raised by Requester's appeal, the City reiterates that Mr. Glover's appeal is partially moot, as responsive records of the "name and title" of all CPOC employees have already been provided to requester, and no additional responsive records containing the requested information exist.  *See* City's Exhibit "A", Affidavit of Catherine Twigg, General Counsel of the Citizens Police Oversight Commission, dated March 28, 2024, at ¶¶ 3, 5-8. Thus, Items 7 and 8 of Request #26729, which seek "name and title" of one or more CPOC employees, are moot, because responsive records identifying all CPOC employees by name and title have already been provided to requester.  *See* Id.

Following a search for the additional requested information, no additional responsive records documenting "what CPOC employee name and title sent the email response attracted to shakurcapital@gmail.com SEE doc cpoc email 1, cpoc email 2" or "who 'name and title' was monitoring the CPOC email on Nov 20, 2023, 11 :02 AM" were found to exist in the City's possession.  *See* Exhibit "A", at ¶¶ 5-8.  CPOC does not maintain records identifying particular CPOC staff by "name and title" in reference to particular communications that are sent or received by the cpoc@phila.gov email account.  *See* Id.  There is no fixed schedule for staff monitoring or utilizing this email account.  *See* Id.

The City also submits that the appeal should be denied to the extent the requests seek answers to interrogatory questions or oblige research or the creation or compilation of records.  *See* 65 P.S. § 67.705[2]; *Askew v. Pa. Office of the Gov*., 65 A.3d 989, 994 (Pa. Cmwlth. 2013); *Gingrich v. Pa. Game Comm'n*, No. 1254, 2012 WL 5286229 (Pa. Cmwlth., Jan. 12, 2012) (unreported memorandum decision); *Walker v. Pa. Ins. Dep't*, No. 1485 C.D. 2011, 2012 Pa. Commw. Unpub. LEXIS 425 at *16 (Pa. Cmwlth. 2012) ("The RTKL is not a forum for the public to demand answers to specifically posed questions to either a Commonwealth or local agency. In fact, there is no provision in the RTKL that requires an agency to respond to questions posed in a request").

The remaining portions of the requests at issue in Mr. Glover's appeal seek records which are exempt from public access under Sections 708(b)(1), (b)(2), (b)(3) and (b)(12) of the RTKL.

With respect to Item 2 of Request # 26729, the City reiterates that the requested "work schedules for example working in the office or at home showing days and weeks of each" are facially exempt under

---

[2] "The OOR has repeatedly held that where any agency does not maintain a list containing information specified by a requester, the agency is not required to create such a list pursuant to Section 705 of the RTKL." *Hays v. Pa. State Police*, AP 2015-1985, 2015 WL 6539110 (Pa.Off.Open Rec.), at *3 (internal quotation omitted); *see also Miller v. Twp. Of O'Hara*, AP 2012-1435; *Thomas v. City of Philadelphia Dep't of Records*, AP 2022-1728, 2022 WL 6018293 (Pa.Off.Open Rec.); *Imburgia v. Phila. School Dist.*, AP 2018-0635, 2018 WL 3416137 (Pa.Off.Open Rec.) (requested information was "not organized in a manner that would permit [the agency] to answer the Requester's query").

Section 708(b)(12) of the RTKL.  *See* 65 P.S. § 67.708(b)(12); *City of Phila. v. The Philadelphia Inquirer*, 52 A.3d 456, 461 (Pa. Commw. Ct. 2012) (calendars and other records which "are used for scheduling [agency employee's] daily activities … fall within the 'notes and working papers' exemption.").[3]

Further, all of the remaining information sought by Mr. Glover's instant appeal is exempt from public disclosure pursuant to the RTKL's personal security, public safety, and institutional security exemptions.  *See* 65 P.S. §§ 67.708(b)(1)(ii), (b)(2), (b)(3).  Nothing in Requester's tempestuous submissions or conduct has presented any legitimate reason to doubt the applicability of these exceptions to the specific records at issue in this instance.

Although Requester is already in possession of responsive records identifying all CPOC employees by name, title or position, and salary, Requester additionally seeks "picture ID photo of all CPOC employees also requesting their work schedules for example working in the office or at home showing days and weeks of each." In other words, Requester seeks ID photos paired with work schedule information which identifies the daily whereabouts or location of specific agency employees, including when specific individuals are in-office or at their home.

Disclosure of detailed information revealing the daily whereabouts of specific individuals and identifying photographs implicates a number of concerns and interests, including personal security concerns, building security concerns, and privacy interests.[4]  Requester's assertions regarding the accessibility of other images or records which may be voluntarily published, or which may be made available at public meetings or in public settings, are inapposite to the particularized security concerns raised by public disclosure of records at issue herein.

Requester also seeks records maintained in connection with the physical security of a large office building, including specific security protocol(s) regarding access. The purpose of the requested records is to ensure building security and public safety by increasing efforts to detect and prevent unauthorized access to the building that houses many City departments and offices, known as One Parkway Building ("OPB"), located at 1515 Arch Street, Philadelphia, PA.  *See* Exhibit "A" at ¶¶ 9-16.

The City incorporates by reference the arguments raised in its March 28, 2024 submission, and respectfully submits that it has demonstrated that disclosure of the detailed information regarding the daily whereabouts along with employee badge identification photos and the requested records maintained in connection with building security would result in a substantial and demonstrable risk to the personal security of individuals and the physical security of a building, and that their disclosure would be reasonably likely to jeopardize public safety or public protection activities.  *See* Exhibit "A" at ¶¶ 9-22; *Sheils v. Pa. Dep't of Educ.*, 2015 WL 5436770, *7 (Pa. Cmwlth., Apr. 10, 2015) (where evidence showed that requester had made "unfounded personal and verbal attacks" on agency employees

---

[3]  Section 708(b)(12) expressly exempts from disclosure "[n]otes and working papers prepared by or for a public official or agency employee used solely for that official's or employee's own personal use, including telephone message slips, routing slips and other materials that do not have an official purpose." Id.; *City of Phila., supra*. Because the requested information exists solely for the personal use of CPOC staff and serves no other official agency purpose, the information sought by this part of Item 2 is exempt from disclosure under 65 P.S. § 67.708(b)(12).

[4]  Public disclosure of identification photographs depicting individuals' faces would constitute an unwarranted invasion of privacy interests protected by the right to informational privacy recognized by the Pennsylvania constitution. Pa. Const., Art.1, § 1; *Pa. State Educ. Ass'n v. Com.*, 148 A.3d 142 (Pa. 2016) ("*PSEA*") (individuals possess a right to informational privacy over personal information).

3

involved in related litigation, disclosure of agency employee home addresses to requester would be reasonably likely to result in requester using the information "to continue [their] abusive behavior towards [agency] employees"); *Kauffman v. Court of Common Pleas for the Ninth Judicial District (Direct Interest Participant)*, AP 2013-1873, 2013 WL 6104075 (Pa.Off.Open Rec.) (disclosure of "swipe log" for county employee identification badge swipe system would create personal security risks by "provid[ing] a general pattern of movement and routines that would allow an opportunity to harm, harass or stalk any county employee utilizing a security control entrance."); *Mendoza v. City of Phila., Phila. International Airport*, AP 2014-1681, 2014 WL 7003842 (Pa.Off.Open Rec.) (in addition to being protected by federal regulations, airport security measures, such as an airport's "access control system" and "access/egress points and security measures" are exempt from disclosure under Section 708(b)(3)); *Gaither v. Pa. Dep't of Corrections,* AP 2015-1311, 2015 WL 4979046 (Pa.Off.Open Rec.) (denying appeal seeking correctional procedures manual containing "techniques, surveillance and security measures" which ""must be kept confidential to prevent the circumvention of the polcies[.]"); *Gross v. Pa. Dep't of Health*, AP 2013-1595, 2013 WL 5511788 (Pa.Off.Open Rec.); *In re: Appeal of City of Philadelphia Police Dep't v. Shakur Capital LLC*, No. 220101333, (Phila. Ct. Common Pleas, December 15, 2022).

In *Kauffman*, the OOR denied an appeal seeking records regarding the "swipe card entry system protects government employees" on security grounds because "disclosure of this information would allow unauthorized and potentially dangerous individuals to 'tailgate' authorized individuals into secure locations, and provide information on the security and potential weaknesses in that security systems that protect judicial personnel and other County officials." *Kauffman*, *supra*, at *4.

In light of the nature of the records requested and the institutional security, personal security, and privacy concerns or interests implicated by the public disclosure of these records, the City submits that the same security interests present in *Kauffman* are implicated in the instant appeal, and the same result is warranted, pursuant to 65 P.S. §§ 67.708(b)(1)(ii), (b)(2), and (b)(3). For the foregoing reasons, the City respectfully submits that the instant appeal should be dismissed in part as moot and denied in the remainder on its merits.

                                            Respectfully Submitted,

/s/
**Shea Skinner**  (he/him)
Deputy City Solicitor – Right to Know
Compliance, Investigations & Privacy Group
City of Philadelphia Law Department

Cc:    (VIA OOR APPEALS PORTAL)
       James Glover

       (VIA EMAIL)
       Catherine Twigg