IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. GLOVER | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| LT. BARRY JACOBS, #97 | : |
| Philadelphia Police Officer, | : |
| DOUGLAS K. MORRISON, JR., #7099, | : |
| RUSSELL CROTTS, SHEA SKINNER, | : |
| FEIGE M. GRUNDMAN, UNKNOWN | : |
| CITY EMPLOYEES OR PPD | : |
| OFFICERS INVOLVED | : NO. 23-3686 |

**MEMORANDUM**

**Savage, J.**                                                                                                     **February 25, 2025**

John Glover frequently requests public records and body camera footage from police interactions under Pennsylvania's Right to Know ("RTK") Law and Act 22.[1] In this *pro se* § 1983 action, he alleges that the defendants violated his First Amendment rights when they improperly denied the majority of his record requests. He names as defendants: Philadelphia Police Officers Lieutenant Barry Jacobs and Douglas Morrison, Jr.; current and former City of Philadelphia Law Department attorneys Feige Grundman, Russell Crotts, and Shea Skinner; and "unknown" additional employees.[2]

Glover also alleges that the defendants placed his photo in a municipal building, resulting in his wrongful arrest and criminal charges. He asserts this had a chilling effect and was a prior restraint in violation of the First Amendment.[3] As a result, he refrained

---

[1] Act 22 governs requests for audio and video recordings in the possession of Pennsylvania law enforcement agencies. 42 Pa. Cons. Stat. § 67A01 *et seq*.

[2] Glover still has not identified these additional employees.

[3] In addition, Glover asserted claims under § 1983, the Fifth Amendment, the Fourteenth Amendment, and Pennsylvania's RTK and Act 22 laws. We dismissed the Fifth Amendment and state law claims. To the extent Glover intended to assert a stand-alone claim under § 1983, we note § 1983 is not an independent cause of action. *Williams v. Pa. Hum. Rels. Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) ("It

1

from filing RTK requests and from posting on his YouTube channel during the two years the charges were pending.

Moving for summary judgment, defendants argue that denial of Glover's RTK and Act 22 requests did not constitute a prior restraint of speech. They also deny personal involvement in the placement of Glover's photograph and his arrest. Despite our granting him an extension to respond, Glover did not file a response to the motion.

The undisputed facts establish that the defendants did not violate Glover's First Amendment rights in responding to his record requests and they had no involvement in his arrest. Therefore, we shall grant summary judgment.

## Background

Glover is a self-described "community activist and staunch advocate for Second Amendment rights."[4] As part of his advocacy, he submits requests for public records and body camera footage to the Philadelphia Police Department ("PPD").[5] Morrison and Jacobs both work in the PPD's Research and Planning Unit, which responds to RTK and Act 22 requests in accordance with applicable law.[6] PPD regularly consults on these requests with attorneys in the City of Philadelphia Law Department's RTK Unit, including former Chief Deputy City Solicitor Grundman, former Deputy City Solicitor Crotts, and

---

is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" (citation omitted)). Finally, defendants presume Glover cites the Fourteenth Amendment because it applies the First Amendment to the states.

[4] Compl. 2, ECF No. 3. Because the Complaint does not contain internal page numbers or numbered paragraphs, we use the pagination assigned by CM-ECF.

[5] *Id.* at 3.

[6] Decl. Lieutenant Barry Jacobs ¶¶ 1-5 (attached as Ex. G to Defs.' Mot. for Summ. J.), ECF No. 51-7 ["Decl. Jacobs"]; Decl. Police Officer Douglas Morrison, Jr. ¶¶ 1-6 (attached as Ex. I to Defs.' Mot. for Summ. J.), ECF No. 51-9 ["Decl. Morrison, Jr."].

Deputy City Solicitor Skinner.[7] The Law Department also represents the PPD in the Pennsylvania Office of Open Records and state courts when a requester appeals a RTK or Act 22 response.[8]

In the PPD, Morrison has "personally . . . handled" requests submitted by Glover.[9] Jacobs "sign[s] off" on decision letters sent to requesters.[10] PPD processed Glover's requests as media requests and treated him "no differently than any other media requester."[11] In the Law Department, Crotts and Skinner "routinely provided legal advice to the PPD regarding Mr. Glover's RTK and Act 22 requests."[12] Grundman "routinely oversaw and reviewed Mr. Glover's RTK and Act 22 requests."[13]

On December 26, 2021, a man pointed a rifle at a security guard working at 400 North Broad Street in Philadelphia through the building's glass window.[14] The guard recognized Glover from photos posted at the security desk and identified him as the culprit to police.[15] On December 28, 2021, the PPD arrested Glover and charged him with

---

[7] Decl. Jacobs ¶ 8; Decl. Feige Grundman, Esq. ¶¶ 2-3, 6 (attached as Ex. F to Defs.' Mot. for Summ. J.), ECF No. 51-6 ["Decl. Grundman"]; Decl. Russell Crotts, Esq. ¶¶ 2-5 (attached as Ex. H to Defs.' Mot. for Summ. J.), ECF No. 51-8 ["Decl. Crotts"]; Decl. Deputy City Solic. Shea Skinner ¶¶ 1-2, 5 (attached as Ex. J to Defs.' Mot. for Summ. J.), ECF No. 51-10 ["Decl. Skinner"].

[8] Decl. Grundman ¶¶ 7-11.

[9] Decl. Morrison, Jr. ¶ 10.

[10] Decl. Jacobs ¶ 7.

[11] Id. ¶¶ 12-13.

[12] Decl. Crotts ¶ 13; Decl. Skinner ¶ 12.

[13] Decl. Grundman ¶ 14.

[14] Investigation Interview R., Dec. 26, 2021 (attached as Ex. E to Defs.' Mot. for Summ. J.), ECF No. 51-14.

[15] Investigation Interview R., Dec. 27, 2021 (attached as Ex. D to Defs.' Mot. for Summ. J.), ECF No. 51-4.

aggravated assault, terroristic threats, and simple assault.[16]

Glover alleges that defendants placed his photo at 400 North Broad Street, resulting in his "wrongful identification" as the suspect.[17]  He further states he spent 36 days in prison and that the criminal case was *nolle prossed* approximately two years later.[18]  During the two years charges were pending, Glover claims he did not submit record requests and did not post to his YouTube channel because of "the chilling effect" of the charges.[19]

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In examining the motion, we must draw all reasonable inferences in the non-movant's favor.  *Young v. Martin*, 801 F.3d 172, 177 (3d Cir. 2015).

When the non-movant does not respond to the motion for summary judgment, we may consider the facts to be undisputed. Fed. R. Civ. P. 56(e)(2).  The scheduling order clearly warned the parties that "[a]ll material facts set forth in the Statement of Undisputed Facts served by the movant shall be deemed undisputed unless specifically controverted

---

[16] *Commonw. v. Glover*, Docket No. MC51-CR-0023178-2021, Mun. Ct. Tr. (attached as Ex. B to Defs.' Mot. for Summ. J.), ECF No. 51-3; *see also* Aff. of Probable Cause, Dec. 27, 2021 (attached as Ex. C to Defs.' Mot. for Summ. J.), ECF No. 51-5.

[17] Compl. 3, 5.

[18] *Id.* at 3.

[19] *Id.* at 3-4.

by the opposing party."[20]  We must then conduct an independent analysis to determine whether the movant is entitled to summary judgment.  *See* Fed. R. Civ. P. 56(e)(3) advisory committee's note to 2010 amendment (recognizing that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion"); E.D. Pa. Local R. Civ. P. 7.1(c).  The court must ensure that "the motion and supporting materials . . . show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  In short, even in the absence of opposition, summary judgment may be granted only if the moving party demonstrates that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.

Finally, a *pro se* plaintiff's filings must be considered deferentially, affording him the benefit of the doubt where one exists.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

**Analysis**

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) the deprivation of a right secured by the Constitution or the laws of the United States; and (2) that the person depriving plaintiff of the right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted).

Glover claims the PPD used RTK exemptions and 30-day extension requests "to obstruct the release of public information, which directly violates [his] First Amendment rights."[21]  Glover attempts to convert a violation of a state statute into a violation of federal

---

[20] Scheduling Order, Aug. 1, 2024, ¶ 6(c), ECF No. 48.

[21] Compl. 3.

5

law.  He cannot do so.  Only a violation of the United States Constitution or a federal statute can form the basis of a § 1983 action.  *See Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004) (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990)) ("Section 1983 does not provide a cause of action for violations of state statutes."); *see also Breslin v. Portillo*, Civ. No. 12-0360, 2018 WL 4002858, at *4 (M.D. Pa. Aug. 22, 2018) ("[T]he plaintiffs' claim . . . rests on their attempt to turn their dissatisfaction with a state law administrative procedure for access to records into a federal Constitutional claim. . . . alleged violations of Pennsylvania's Right-To-Know law do not give rise to a constitutional claim.").  Thus, the Pennsylvania RTK law does not create a federal cause of action.

Glover also argues his First Amendment rights "were unlawfully chilled due to the criminal case and the actions of the open records officers."[22]  To impose liability upon a defendant in a § 1983 action, the plaintiff must show that the defendant had personal involvement in the wrongdoing.  *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Liability must be demonstrated by showing that the defendant personally directed or, with actual knowledge, acquiesced in the conduct.  *Id.* (citing *Rode*, 845 F.2d at 1207).  Personal involvement must be shown with particularity, providing information on time, place, and persons responsible.  *Rode*, 845 F.2d at 1207–08 (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).

Each defendant has declared he or she "had no personal involvement in the arrest and charging of Mr. Glover" or "in the posting of photographs of Mr. Glover inside the

---

[22] *Id.* at 5.

6

building located at 400 North Broad Street."²³  Glover, having failed to respond to the Defendants' Statement of Material Facts, does not dispute these facts.  Because the defendants were not involved in the posting of the photo or in Glover's arrest and subsequent charges, he cannot assert § 1983 liability against them.

Glover's final theory of First Amendment liability is the prior restraint doctrine.  "The term prior restraint is used 'to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur."  *Alexander v. United States*, 509 U.S. 544, 550 (1993) (quoting M. Nimmer, Nimmer on Freedom of Speech § 4.03, pp. 4-14 (1984)).  "A prior restraint censors speech prior to its dissemination rather than imposing punishment after the speech has been communicated." *Rigby v. Jennings*, 630 F. Supp. 3d 602, 618 (D. Del. 2022) (citing 509 U.S. at 553-54).

Prior restraint does not apply here.  There was no administrative or judicial order which forbade Glover from submitting public record requests or from posting on his YouTube channel.  Rather, Glover decided not to do so independently of any state action.

In short, violation of the RTK Law and Act 22 does not provide a basis for a § 1983 action.  There is no evidence any of the defendants were involved in posting Glover's photograph or his arrest.  Finally, Glover's refraining from submitting records requests was not the result of any prior restraint.  Therefore, because Glover cannot establish a § 1983 First Amendment claim under any theory, we must grant summary judgment for the defendants.

---

²³ Decl. Grundman ¶¶ 15-16; Decl. Jacobs ¶¶ 14-15; Decl. Crotts ¶¶ 15-16; Decl. Morrison, Jr. ¶¶ 12-13; Decl. Skinner ¶¶ 14-15.

/s/ Timothy J. Savage<br>
TIMOTHY J. SAVAGE, J.